## Freeport Bank of Freeport, N. Y., v. Handelsman

*Emanual Laster* and *Elmer J. Harris*, for claimant.
*Mattes, Mattes & Myers*, for defendants.

ROBINSON, J., November 16, 1956.—This litigation is presently before us on claimant's objections to plain-

tiffs' interrogatories filed to secure discovery under Pa. R. C. P. 4005 and 4007. The cases are interpleader actions. Claimant is Tall Gals of Syracuse, Inc., plaintiffs are William Gitelman and the Freeport Bank of Freeport, N. Y., and defendants are Joseph Handelsman and Jean Handelsman.

The litigation was initiated when plaintiffs caused writs of foreign attachment to issue against the respective defendants. Moneys on deposit in the First National Bank of Scranton to the credit of Tall Gals Shops were garnisheed as the property of Jean Handelsman and merchandise in the Scranton store of the same concern was levied upon under execution process issued against Joseph Handelsman. Claimant then gave notice of ownership of the goods and moneys attached to the sheriff and filed interpleader petitions in each case together with statements of claimant's title to the property.

The issue raised in each case is whether the property attached and levied upon belongs to defendants or claimants. The fact that one of defendants is the president of the claimant corporation resulted in inquiry respecting the good faith of claimant. Plaintiffs filed petitions praying for discovery against claimant accompanied by 32 written interrogatories probing the nature, extent, source and character of claimant's business and property.

Claimant filed answers to 13 of the interrogatories but declined to answer the rest and objected to the propriety of the same. The interrogatories in question demanded copies of claimant's corporate charter and by-laws, contracts and checks for the purchase of cash registers and air conditioning equipment, copies of fire, casualty and workmen's compensation insurance policies, copies of all tax returns and statements of telephone listings. Claimant contends that the interrogatories were improper, (a) because the eviden-

tial material is irrelevant and (b) that claimant is under no duty to furnish the demanded copies.

We are of the opinion that the first point of this contention is without merit. Where, as here, the good faith of a corporate claim is challenged as a falsity and the asserted claim questioned as a mere mask to defeat a just personal obligation of one of its officers, the entire business history of claimant in respect to the claim is relevant. A corporation can not be utilized to claim property not its own in order to perpetrate a fraud on the officer's personal creditors. Anything material in respect to this property and the corporation's business is relevant to the issue.

We agree, however, that there is much to the second point raised by claimant and that it has no duty to furnish the copies of the documents demanded. Pa. R. C. P. 4005 and 4007 contain no authority upon which may be based any demand for copies of evidential matter in the hands of an adverse party. On the contrary, Pa. R. C. P. 4011(b) does not permit discovery or inspection which causes unreasonable annoyance, expense or oppression to a party. Claimant is entitled to the protection of this rule. This does not in any sense mean that plaintiffs are without remedy for relief as afforded them by Pa. R. C. P. 4009(1) which permits the discovery, inspections, copying and photographing of documents, papers, books and similar evidential material in the possession of an adverse party. The rules of civil procedure place the onus and expense of copying documents upon the party desiring the information. This burden cannot be shifted by merely demanding copies in interrogatories filed under rules 4005 and 4007.

Now, November 16, 1956, claimant's objections to plaintiffs' interrogatories are sustained. Exception is allowed plaintiffs.